# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DONNIE MITCHELL, | : |
| Petitioner, | : |
| | : NO. 5:10-CV-397 (CAR) |
| VS. | : |
| BRIAN OWENS, | : |
| | : Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : Before the U.S. Magistrate Judge |

## RECOMMENDATION

Respondent Commissioner Brian Owens has filed a Motion to Dismiss the above-captioned petition alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d). Doc. 6. As the petition was filed outside the applicable limitations period, and because Petitioner has failed to show any cause for tolling the limitations period, it is **RECOMMENDED** that the petition be **DISMISSED**.

### FACTUAL AND PROCEDURAL HISTORY

On March 4, 1998, Petitioner Donnie Mitchell was convicted and sentenced in the Washington County, Georgia Superior Court for two counts of aggravated assault. Petitioner filed a timely direct appeal, and his convictions and sentences were affirmed on October 19, 2000. See Mitchell v. State, No. A00A1660 (Ga. App. Oct. 19, 2000).

On July 2, 2008, Petitioner filed a state habeas corpus petition. This state habeas petition was dismissed as untimely on April 28, 2010. A subsequently-filed application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on September 20, 2010. On October 18, 2010, Petitioner executed his federal habeas corpus petition in this Court. Doc. 1.

## LEGAL STANDARDS

The AEDPA sets forth a one (1) year period of limitations for filing an application for a writ of habeas corpus for a person in custody pursuant to the judgment of a state court. 28 U.S.C. §2244(d)(1). This limitations period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In calculating the limitations period, courts do not count any time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

## DISCUSSION

In this case, the period of limitations must be measured from the date on which Petitioner's conviction became final. See 28 U.S.C. § 2244(d)(1)(A). Petitioner does not assert that a government-created impediment to his filing his §2254 petition existed, that he bases any claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before the date his conviction became final.

Petitioner's convictions became final no later than Monday, October 30, 2000, the first business day after the ten day period during which he could have filed a motion for reconsideration

of the Georgia Court of Appeals decision or a notice of intent to apply for certiorari to the Georgia Supreme Court. See Rule 38 of the Georgia Court of Appeal's Rules and Rule 38 of the Georgia Supreme Court's Rules. Consequently, Petitioner had until no later than Tuesday, October 30, 2001in which to file a state collateral attack or federal habeas petition. The petitioner did not file his state habeas corpus petition until July 2,2008, by which time the period of limitation for filing a federal petition had already run. There is nothing to indicate that any tolling provisions renders this petition timely, or that review should proceed under any other exception to the time bar. Consequently, Respondent's Motion to Dismiss should be granted, and the instant petition dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

In this case, there has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to § 2254 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Recommendation.

Accordingly, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, the instant § 2254 petition for writ of habeas corpus be **DISMISSED** with prejudice, and that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The Clerk is directed to serve Petitioner at the last address provided by him.

**SO RECOMMENDED**, this 11th day of May, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge